IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PAUL LILES,                           )
                                      )
           Plaintiff,                 )
                                      )
      v.                              )        1:09CV28
                                      )
BOJANGLES' RESTAURANTS, INC.,         )
                                      )
           Defendant.                 )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Bojangles' Restaurants, Inc. ("Bojangles") on March 23, 2009. (Docket No. 11.) By Order of April 30, Plaintiff Paul Liles was given until May 29, 2009, to respond to the motion.[1] The time for response has now expired, and Plaintiff Liles has filed no response in opposition to the motion. The Motion to Dismiss will be treated as an uncontested motion. *See* LR7.3(k).

Plaintiff's complaint includes no specific "Statement of Claim," but instead incorporates an "Exhibit A," which is an EEOC "Intake Questionnaire." In that

---

[1] Plaintiff's time to respond was extended until May 29 at the same time as his attorney, who entered an appearance only after the filing of the complaint, was allowed to withdraw his representation. (Docket No. 15.) Plaintiff Liles, now proceeds *pro se*, as he did at the outset of the case.

Questionnaire, Plaintiff Liles asserts that he was discriminated against by his employer, Bojangles. He states that he was a cook with Bojangles, originally hired in April 2004. He alleges that he was discriminated against on the basis of sex and age and he was retaliated against. He further states that in March 2008, an assistant manager showed him pictures of naked men. In April 2008, he complained of the pictures (sexual harassment) to his immediate supervisor, Tammy Dillard. He alleges that in late April and early May of 2008, he began being harassed by his supervisor who was "rushing/hollering at me about bringing out biscuits." He says that "[n]o one else was treated differently," and that Dillard continued to taunt him, but he would not react. Plaintiff alleges that Dillard kept telling him that he was insubordinate. On May 16, 2008, Plaintiff was terminated by Dillard for insubordination, "in which I disagree," says Plaintiff. Plaintiff adds that he was one of the older employees, with most being under the age of 40. (Docket No. 1, Complaint, Ex. A.)

Defendant Bojangles responded to the complaint by moving to dismiss pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. Plaintiff has filed no opposition to the motion to dismiss, and the time for response has run.

On review of the record, the Court concludes that Defendant's motion to dismiss with prejudice should be granted. The Court notes that it is axiomatic that Title VII and ADEA claims are barred as untimely unless filed within 90 days of the receipt by a plaintiff of a Notice of Rights from the EEOC. *See Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). While Plaintiff Liles makes no allegation concerning his

receipt of a right-to-sue letter, the undisputed record shows that the EEOC mailed the Notice of Rights to Plaintiff at his current address on September 23, 2008. The Court may presume three days for receipt, *see Taylor v. Potter*, 355 F. Supp. 2d 817, 819 (M.D.N.C. 2005), making Plaintiff's complaint in this court due on or about December 29, 2008. Plaintiff did not date his complaint (filed *pro se* originally) until January 7, 2009, and it was filed on January 12. Clearly, therefore, the complaint was filed several days out-of-time, and Plaintiff's Title VII and ADEA claims are therefore time-barred as a matter of law. *See Arbia v. Owens-Illinois, Inc.*, No. 1:02CV00111, 2003 WL 21297330, at *3 (M.D.N.C. June 4, 2003). In view of the legal sufficiency of Defendant's motion to dismiss on this first ground of argument, the Court need not consider Defendant's alternative arguments.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 11) be granted and that Plaintiff's claims in this action be dismissed with prejudice.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 5, 2009